Rockingham, }
Feb. 2, 1932. }

ERNEST BOTTOMLY & a. v. BERTICE M. PARMENTER, *Ex'r.*

*William H. Sleeper* and *John W. Perkins* (*Mr. Sleeper* orally), for
the plaintiffs.

*H. R. Lawrence* (of Massachusetts) and *Chester T. Woodbury* (*Mr.
Lawrence* orally), for the defendant.

MARBLE, J. The material allegations contained in the first count
are as follows:

About two years before her death, the testatrix, Eva B. Parmenter,
purchased a farm in Salem for the plaintiffs, taking from them a note
for $11,000 (the amount of the purchase price) secured by a mortgage
on the property. The parties then entered into a contract whereby
the plaintiffs agreed to support and care for the testatrix for the re-
mainder of her life, and she in turn promised to hold the note and
mortgage "only so long as she might ... desire to live upon said
premises." The testatrix died March 5, 1928, having previously

destroyed the note and mortgage but having failed "to discharge said mortgage of record." The executor is seeking "to enforce the mortgage debt which said deceased in her lifetime did promise and agree to terminate and cancel," and the plaintiffs have "done all things upon their part to be performed." The count concludes with the customary *ad damnum* clause.

In the second count, the promise of the testatrix to cancel and destroy the note and mortgage is stated to have been made the day before her death "in consideration of love and affection which she bore for said claimants who were her own nephews," and in accordance with a "previous understanding."

In the third count, the plaintiffs allege that the promise of the testatrix was to leave them the farm. No claim is made, however, that the farm belonged to the testatrix, the real complaint being that she failed "to discharge of record" the mortgage lien or to provide for its discharge by will.

The fourth count is one of *quantum meruit* to recover the value of services, goods, labor, etc., furnished the testatrix at her request.

The bill in equity, filed August 15, 1928, and brought under the provisions of P. L., *c.* 317, *s.* 3, after reciting the facts relating to the purchase of the farm and the execution of the note and mortgage, further recites that during the latter part of the testatrix's lifetime it was her intention, for good and valuable consideration, to forgive the plaintiffs the mortgage debt before she died; that on March 4, 1928, she became violently ill and in the expectation of immediate death requested the plaintiffs to destroy the note and mortgage; that the plaintiffs did so, supposing as did the testatrix, that such destruction constituted a good and sufficient discharge of the debt; that the mortgage remains undischarged of record, and that the plaintiffs find, by reason of said record, a cloud upon the title to their real estate. The prayer of the bill is that the defendant be ordered to "execute a formal discharge of said mortgage, and that from and after such decree no action shall be brought by any person to claim title under said mortgage; that the said mortgage be released and cancelled upon the records; and for such other relief as may be just."

An order dismissing a bill in equity after a hearing on the merits is conclusive upon the same parties in an action at law, subsequently brought, in which the same matter is in issue. *Hall* v. *Dodge,* 38 N. H. 346, 351; *Forist* v. *Bellows,* 59 N. H. 229, 231.

"The purpose of a suit to remove a cloud or a statutory action to quiet title is to determine adverse claims to real property. Such

actions presuppose some title or interest in the plaintiff which he wishes to judicially establish as superior to some claim or title adverse thereto asserted by the defendant. To the extent that title is in issue and adjudicated the judgment or decree is conclusive in any subsequent suit of every claim or ground which was or might have been urged in support of or against it." 2 Freeman, Judgments (5th *ed.*), *s.* 874, and cases cited.

One of the grounds which the plaintiffs might have urged in the equity suit was the existence of the precise contract-rights alleged in the present action. While it is true that this action is not brought ostensibly to establish an unencumbered title, the ultimate remedy sought by the first three counts does not differ in substance from the relief asked for in the bill.

The plaintiffs in effect concede their liability on the note, but seek to recover from the executor the amount of the note on the theory that the testatrix failed to effectually cancel the debt in accordance with the terms of the alleged contract. This is but another way of declaring that by complete performance of the contract on their part they have paid the note and are therefore entitled to a formal release of their obligation. In short, they are here seeking indirectly what they have already attempted to obtain directly.

The case of *King* v. *Chase*, 15 N. H. 9, is clearly distinguishable. There "Title was essential, but title by mortgage was not." *Chesley* v. *Dunklee*, 77 N. H. 263, 265. Here the situation is quite the reverse. The plaintiffs' ownership of the premises is not questioned, while their right to a discharge of the mortgage is the essential inquiry, common to the bill in equity and all three counts.

"It is not especially important that the first action was in equity ... while the present action is in form an action at law ... the real object of the action is to obtain in the end the very relief demanded in the former suit." *Tew* v. *Webster*, 118 Minn. 375, 378. Since this is so, the plaintiffs are "barred not only as to what was actually litigated in the former suit, but as to everything which might have been litigated therein." *Chesley* v. *Dunklee*, 77 N. H. 263, and cases cited.

"In other words, a party cannot, under the guise of a mistake in remedy or theory, relitigate the same matter by pursuing a different remedy or form of action, or by merely varying his complaint if the cause of action remains the same and was litigated on the merits in the first action. The change must in some aspect be a substantial one so as to inject into the second case some new element or fact which

was not and could not have been brought into the first case under the theory on which it was based. And . . . a party must present all his grounds for relief and all his evidence as to the facts alleged in a single action; he cannot by reserving them renew the litigation in a subsequent suit upon the same cause of action." 2 Freeman, Judgments (5th *ed.*), *s.* 737.

The plaintiffs explain their failure to assert their alleged contract-rights in the former proceeding on the ground that an action against the executor to enforce these rights could not have been brought at that time. P. L., *c.* 302, *s.* 1. It does not appear, however, that the executor made any claim by plea or otherwise, that the proceedings were premature. The plaintiffs were therefore entitled to maintain the equity suit (*Amoskeag Mfg. Co.* v. *Barnes*, 48 N. H. 25, 29; *Kittredge* v. *Folsom*, 8 N. H. 98, 113), and the principle is elementary that "equity having acquired jurisdiction of a cause disposes of all questions the decision of which is necessary to its final determination." (*Carpenter* v. *Fisher*, 68 N. H. 486, 493).

If the plaintiffs were prevented through accident, mistake or misfortune from introducing all available evidence in support of the issue tried, their remedy was not another suit but a motion for a new trial. *Chesley* v. *Dunklee*, 77 N. H. 263, 267, 268.

There is some discrepancy between the facts alleged in the pleadings and those stated in the plaintiffs' brief. In the brief it is said that the present action was not brought until after the executor had foreclosed the mortgage; that "the civil suit did not attack the mortgage in a legal sense" because "the mortgage was not in existence" but "had been foreclosed when the plea [of *res adjudicata*] was filed." If these statements are correct, the plaintiffs are doubly precluded from recovery on the contract-counts; for even if the plaintiffs' right to a discharge of the mortgage had not been adjudicated in the equity proceedings, the judgment of foreclosure would be "conclusive with respect to all matters of defense which were or might have been litigated in the action." 2 Wiltsie, Mortgage Foreclosure (4th *ed.*), *s.* 1036, *p.* 1310, and cases cited. "The policy on which the principle of *res adjudicata* rests is the interest of parties and the public that there be an end to litigation." *Burleigh* v. *Leun*, 83 N. H. 115, 120.

The fourth count remains to be considered. It is the general rule that a judgment against a plaintiff in an action to recover for agreed compensation under the terms of an alleged express contract does not bar an action of *quantum meruit* to recover the value of services rendered in the same transaction. *Clifton* v. *Meuser*, 88 Kan. 408; *Kirk-*

*patrick* v. *McElroy*, 41 N. J. Eq. 539; *Marsh* v. *Masterton*, 101 N. Y. 401. See also *Laird* v. *Laird's Estate*, 127 Mich. 24.

In *Thayer* v. *Harbican*, 70 Wash. 278, 282, it is said: "There was no evidence to sustain a finding by the jury that there was any contract as to the amount . . . to be paid . . . But the plaintiff performed the service. He effected the settlement. He is entitled to the reasonable value of his services. Having failed in this action to establish the express contract, he can still maintain another action upon the *quantum meruit* for the same services."

"Now the claims are essentially different, and the adjudication of one claim does not seem to us to bar the other. They are inconsistent, it is true, but they are entirely separate and distinct actions. He claimed in the one case that he was entitled to all the crops after the family expenses were paid; and he now claims that there was an agreement that he was to have pay for his services, which is a very different claim from the one made in the original action." *In re Ward*, 21 Ohio C. C. 753, 756. "If the contract be proved, of course the recovery must be upon that; if none be proved, then the party is entitled to recover the value of his services." *Ware* v. *Reese*, 59 Ga. 588, 590. See also *Meredith Mechanic Ass'n* v. *Company*, 67 N. H. 450.

The order is

*Exception sustained as to the fourth count: overruled as to the other counts.*

All concurred.