Grafton,
Nov. 1, 1949. } No. 3854.

BRENDAN J. MOORE *v.* TOWN OF LEBANON *& a.*

SAME *v.* NORRIS COTTON *& a.*

*Joseph Moore* (by brief and orally), for the plaintiff.

*Richard F. Upton* (brief and orally), for the defendants.

JOHNSTON, C. J. Costs are expressly provided for by statute upon a petition for a new trial. R. L., *c.* 398, *s.* 3. The record discloses no error in the assessment or the computation of the costs. Therefore the exception is overruled.

The exception to the failure of the Court to vacate the stipulation for the markings of "neither party" has no merit. The issue does not appear to have been before the Court at the last hearing, and in any event, it was decided adversely to the plaintiff in 1947 and his exceptions were waived. The issue was thereafter no longer open.

The trover action was properly dismissed. The same defendants had been sued in action No. 7621, in which an entry had been made, "Neither party, no further action for the same cause against any party, jointly or severally; no costs." We are satisfied with the ruling of the Trial Court that the two actions were for the same cause. Restatement, Judgments, s. 61. "A party cannot by varying the form of action or adopting a different method of presenting his case escape the operation of the principle that one and the same cause of action shall not be twice litigated." 2 Freeman, Judgments (5th *ed.*) 1443, 1444.

The court order of "neither party, no further action for the same cause" was in effect a judgment and bar to any further action for the same cause. In *Spead* v. *Tomlinson*, 73 N. H. 46, an order of the Trial Court for a directed verdict upon one of several counts was held conclusive, although there was no formal entry of judgment. In *Merchants &c. Company* v. *Kiley*, 92 N. H. 323, it was held that the particular wording of the order now under consideration had the effect of a judgment and bar. "It was plainly an order of court putting an end to the defendant's cause of action. It is equivalent to and has the effect of a judgment and bar to Mary's claim." *Id.*, 326.

"The courts are unanimous in holding that the general rule [of *res judicata*] applies equally to judgments entered by agreement or consent, operating as a bar to another suit upon the same cause of action, where such judgment is on the merits. . . . " 2 A. L. R. (2d) 514, 563. See also, 31 Am. Jur. 107; *Hubley* v. *Goodwin*, 91 N. H. 200; *Beliveau* v. *Company*, 68 N. H. 225.

A judgment is upon the merits when it contains an order that there shall be no further action for the same cause. "A judgment of dismissal has been held to be on the merits, where, pursuant to the agreement of the parties, the judgment or order of dismissal provides by its express terms that . . . the plaintiff shall have no further cause of action . . . " 2 A. L. R. (2d) 514, 564, 565, citing *Merchants &c. Company* v. *Kiley, supra.* The intention of the parties consenting to the marking is clear that there should be an end to the plaintiff's cause of action; and an agreement made in good faith to carry it out will be enforced. *Burtman* v. *Butman*, 94 N. H. 412; *Barber* v. *Company*, 80 N. H. 507.

There was abundant evidence that the plaintiff did not intend to abide by his stipulation that there should be no further proceedings for the same cause of action. The issuance of the injunction accordingly was within the discretion of the Trial Court. R. L., *c.* 371, *s.* 2;

*Bow* v. *Farrand,* 77 N. H. 451. "In this state, the supreme court have power to 'issue writs of injunction whenever the same shall be necessary to prevent injustice.' And this authority is by no means confined by the statute or by the practice to cases in chancery." *Parker* v. *Barker,* 42 N. H. 78, 93. In *Pease* v. *Bennett,* 17 N. H. 124, where a plaintiff had proved his claim in bankruptcy, it was held proper that he be enjoined from further proceedings in the state court.

*Exceptions overruled.*

LAMPRON, J., did not sit: the others concurred.