GENERAL ACCIDENT FIRE & ASSURANCE
CORPORATION, LTD., *v.* SIRCEY.

1. Action—Splitting Cause of Action.

Rule against splitting of causes of action is strictly enforced in this State to prevent vexation and expense to a defendant and it is a rule of justice that one shall present his whole cause of action in one suit.

2. Judgment—Splitting Cause of Action—Waiver.

As the point of split cause of action could not accrue until judgment, defendant is not sooner called upon to elect its course and inaction could not work a waiver.

3. Action—Splitting Cause of Action—Waiver.

Claim of waiver of splitting of cause of action, made by assignee insurer of party injured in accident wherein defendant was involved and who had been unsuccessfully sued for injuries to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur, Actions § 96.
[2, 3] 1 Am Jur, Actions § 101.
[4] 29 Am Jur, Insurance § 1456; 55 Am Jur, Usages and Customs § 56.

plaintiff's insured *held,* not sustained by record presented in subsequent action on assigned claim for damages to car operated by plaintiff's insured.

4. SAME — SPLITTING CAUSE OF ACTION — WAIVER — CUSTOMS AND USAGES.

A claimed custom among insurance companies where both parties to an accident are insured and one of them has a severe personal injury claim and desires to institute an action therefor and has assigned his insurer a part of his cause of action that the defendant's insurer requests the subrogee insurer to withhold any action thereon until disposition of the insured's claim and waive the technical defenses of splitting causes of action, *res judicata,* statutes of limitation, and nonjoinder or misjoinder of party plaintiffs, which custom was alleged but not proved, was not sufficient to prevent enforcement of rule against splitting cause of action, especially where statute provides for intervention by assignee of a part of a cause of action in tort (CL 1948. § 612.2).

Appeal from Wayne; McCree (Wade H.), J. Submitted October 21, 1958. (Docket No. 21, Calendar No. 47,427.) Decided December 2, 1958.

Case by General Accident Fire & Life Assurance Corporation, Ltd., a foreign corporation, assignee of Dean Oxford Tanner, against Lloyd A. Sircey for property damage loss arising from automobile collision. Defendant moved to dismiss because of split cause of action and *res judicata.* Plaintiff moved to transfer cause to chancery side of court and add Auto-Owners Insurance Company, a Michigan corporation, as a party defendant, claiming a waiver of technical defenses. Plaintiff's motion denied and case dismissed. Plaintiff appeals. Affirmed.

*Platt & Platt (Henry A. Platt,* of counsel), for plaintiff.

*Cary, BeGole & Martin (William A. Joselyn,* of counsel), for defendant.

Kelly, J. On November 13, 1953, an automobile accident occurred on Ford road near Newburgh road, Nankin township, Wayne county, involving 2 automobiles. One automobile was owned and driven by Dean Oxford Tanner; the other car was owned and driven by Lloyd A. Sircey.

Each car was insured for public liability, property damage and collision: General Accident Fire & Life Assurance Corporation, Limited (hereinafter referred to as General Accident), insuring Dean Oxford Tanner and his automobile, and Auto-Owners Insurance Company (hereinafter referred to as Auto-Owners), insuring Lloyd A. Sircey and his automobile.

On November 20, 1953, a week after the accident, General Accident settled the collision loss on Tanner's automobile as a total loss in the sum of $1,700. Tanner had a $50 deductible policy, making the net payment to him of $1,650, General Accident taking the salvage, for which it received $215, making its net subrogation loss $1,435. General Accident received a written assignment thereof and paid Dean Oxford Tanner by check in the sum of $1,650.

On December 22, 1953, Dean Oxford Tanner, through his own attorneys, commenced an action wherein he was sole plaintiff, against Lloyd A. Sircey, for personal injuries arising out of the accident aforesaid. The General Accident claim of $1,435 was not included therein. The defense of said action was turned over by defendant Sircey to his insurer, Auto-Owners, who in turn delivered the defense to its legal counsel.

Between December 29, 1953, and July 8, 1955, General Accident wrote several letters to Auto-Owners in regard to the subrogation claim of $1,435.

The Tanner v. Sircey case resulted in a jury verdict on June 15, 1955, against plaintiff Tanner of no cause of action. On July 14, 1955, Auto-Owners'

denial of liability was communicated to General Accident.

December 14, 1955, General Accident commenced the present law action against Lloyd A. Sircey, and the defendant filed answer containing a general denial and an affirmative defense, stating that the plaintiff had split its cause of action by permitting the assignor, Dean Oxford Tanner, to institute suit and litigate his cause of action for his personal injuries without including cause of action in favor of the plaintiff.

April 25, 1957, plaintiff filed a motion to transfer this cause to the equity side of the court and to add Auto-Owners as a party defendant. Plaintiff appeals from an order of June 7, 1957, dismissing the cause and denying plaintiff's motion to transfer to equity and to add Auto-Owners as a party defendant.

Appellant claims the court erred in not holding that defendant Sircey and his insurer, Auto-Owners, waived the defense of splitting a cause of action and, therefore, should be estopped from offering the defense of *res judicata.* Appellant's claim of waiver is based upon the correspondence between plaintiff and Auto-Owners Insurance Company and, also, upon a claimed agreed "custom among insurance companies" throughout the Detroit area.

Appellant could have intervened under the provisions of CL 1948, § 612.2 (Stat Ann § 27.654), which provides, in part:

"Provided further, That where an assignment of a part of a cause of action in tort has been made by an insured to an insurer, both assignor and assignee may join in an action on such claim, and a joint judgment shall be rendered for all the damages to which either or both may be entitled."

In *Washtenaw Mutual Fire Insurance Co.* v. *Budd,* 208 Mich 483, 488, 489, this Court said:

"Stress is laid by plaintiff's counsel upon the absence of the insurer from the litigation against the railroad company. We think that the evidence shows that the company had knowledge of such litigation. We understand the rule to be that the insured is not required to invite the insurer to take part in an action against a wrongdoer, nor to take any special steps to protect the insurer; but it is the insurer's privilege to intervene and protect his own rights, if he sees fit to do so. Our statute now fully provides for such intervention; but it provides that 'intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding.' "*

*Szostak* v. *Chevrolet Motor Company,* 279 Mich 603, involved plaintiffs' claimed damages to buildings located on 2 adjoining lots which were located 1 block from defendant's forge plant. Plaintiffs filed 2 identical declarations as to allegations of nuisance and defendant's negligence. The trial involving damages to the building on the first lot resulted in judgment for the defendant and no appeal was taken. At the trial for damages in regard to the building on the second lot, the court granted defendant's motion to dismiss on the ground that plaintiffs had split their cause of action. This Court held (pp 607, 606):

"In this State the rule against splitting of causes of action is strictly enforced to prevent vexation and expense to a defendant. *Brewster Loud Lumber Co.* v. *General Builders' Supply Co.,* 233 Mich 633; *Corey* v. *Jaroch,* 229 Mich 313; *Continental Ins. Co.* v. *H. M. Loud & Sons Lumber Co.,* 93 Mich 139 (32 Am St Rep 494). It is a rule of justice that one shall present his whole cause of action in one suit. *Dutton* v. *Shaw,* 35 Mich 431."

"Plaintiffs complain that defendant's tactics were unfair because if it had raised the point before trial

---

* See CL 1948, § 612.11 (Stat Ann § 27.663).—Reporter.

of the other action plaintiffs could have consolidated the suits by amendment or otherwise.   Until judgment in the case first tried, defendant could not have pleaded in bar nor prevailed in a motion to dismiss the present action.   A party is not obliged to take an ineffective position, to his adversary's advantage, on penalty of waiver of rights.   Because plaintiffs might have amended their pleadings on leave of court even after the testimony was taken, in the suit first tried, the point of split cause of action could not accrue until judgment therein, defendant was not sooner called upon to elect its course, and inaction could not work a waiver."

Auto-Owners, throughout the correspondence, made its position clear to General Accident, stating:

"Until some disposition has been made of the injury claims, we can make no commitment as to your subrogation claim.

"When the injury claims are out of the way, we shall be pleased to discuss this matter with you further."

Appellant did not request a waiver of the defense of split cause of action, and neither appellee nor Auto-Owners agreed to a waiver.   Appellee did not request appellant to delay in partaking its subrogation claim.   Appellant's claim of waiver because of correspondence is not sustained by the record.

Appellant's claim of "custom among insurance companies" as an excuse for its failure to intervene is confined to the following statement in appellant's proposed bill of complaint:

"Your plaintiff shows that it was and is the custom among insurance companies where both parties to an accident are insured and one of such parties has a severe personal injury claim and desires to institute suit therefor and has assigned to his insurance company part of his cause of action, that under such

circumstances the defending insurance company requests the insurance company holding the subrogation claim to withhold any action thereof until final disposition of the individual assured's cause of action, and upon final disposition of such personal injury claim, the insurance companies involved would settle and/or litigate the subrogation claim and that the defense of splitting cause of action, *res judicata,* statutes of limitations, nonjoinder or misjoinder of party plaintiffs or other technical defenses thereto are not insisted upon and are waived."

Appellee states:

"There is no showing of such a custom other than the mere allegations set forth in appellant's proposed bill of complaint. These allegations are subject to the test of proof and counterproof in an adversary proceeding. Furthermore, no request was ever made of the appellant insurance company to forego any action on its part to protect its subrogation interest. If a custom did in fact exist among insurance companies throughout the Detroit area, it was that the subrogated insurance company would request and obtain a specific waiver of any technical defenses, or upon its failure to so obtain such a waiver, the subrogated insurance company would then take immediate steps to protect its subrogation claim by way of intervention."

The record does not sustain appellant's request that it be excused from failure to intervene because of a "custom" existing between insurance companies in the Detroit area. Custom between insurance companies will not change the finding of this Court in *Szostak* v. *Chevrolet Motor Company, supra,* 607, namely, that: "In this State the rule against splitting of causes of action is strictly enforced."

Appellant's claim that the Court erred in not transferring the cause to equity has not only been answered by this opinion but, also, by previous deci-

sions of this Court and further discussion on this point would be an imposition on bench and bar.

Affirmed. Costs to appellee.

DETHMERS, C. J. and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.