Rockingham,
No. 5025.

HOWARD W. SIBSON *v.* ROBERT'S EXPRESS, INC. & *a.*

Argued May 1, 1962.

Decided June 29, 1962.

*Hartnett & Moher (Mr. Charles F. Hartnett* orally), for Travelers Fire Insurance Company.

*Devine, Millimet & McDonough* and *Bartram C. Branch (Mr. Branch* orally), for the defendant Robert's Express, Inc.

*Boynton, Waldron & Dill (Mr. Jeremy R. Waldron* orally), for the defendants Depew.

DUNCAN, J. By the great weight of authority in this country, the plaintiff's causes of action arising out of the accident were single causes, even though he suffered both personal injury and property damage simultaneously as a result of the defendants' negligence. Annot. 62 A.L.R. 2d 977, 982, and cases cited. 2 Freeman on Judgments (5th *ed.*) *s.* 613; Restatement, Judgments, *s.* 62, *comment* e, illustration 7; *Dearden* v. *Hey*, 304 Mass. 659. Likewise by the weight of authority, such a cause of action may not be made the subject of more than one suit; and recovery of judgment for some elements of damage caused bars recovery for other elements of damage for which recovery might have been sought, but was not. *Dearden* v. *Hey, supra;* 2 Moore's Federal Practice (2d *ed.*) *s.* 2.06, *p.* 378.

This is the settled law of this jurisdiction. "An attempt by stating only a part, and later bringing another suit upon another part, is an endeavor to split a cause of action. As before stated, the rule in *King* v. *Chase*, [15 N. H. 9] was adopted to prevent such procedure." *Chesley* v. *Dunklee*, 77 N. H. 263, 266. "The former judgment 'concludes the parties, not only as to every matter which

was offered and received to sustain or defeat the suit, but also as to any other matter which might have been offered for that purpose.' *Metcalf* v. *Gilmore*, 63 N. H. 174, 189." *Id.*, 267.

It is obvious that under this rule the plaintiff could not maintain actions to recover his property damage after judgment in his suits for damages for personal injuries. Such actions would be barred by the rule of *res judicata.*

The vital question is whether the plaintiff's collision insurer can now maintain its claim based upon assignment of and subrogation to the plaintiff's rights. In some jurisdictions which subscribe to the majority rule against splitting a cause of action, an exception is recognized when an insurer acquires a claim for property damage in this fashion. See *Underwood* v. *Dooley*, 197 N. C. 100; Annot. 62 A.L.R. 2d, *supra*, 989. *Cf. Hoosier Casualty Co.* v. *Davis*, 172 Ohio St. 5. Other jurisdictions recognize no such exception. *Moultroup* v. *Gorham*, 113 Vt. 317; *Coniglio* v. *Fire Insurance Co.*, 337 Mich. 38; *General Accident, Ltd.* v. *Sircey*, 354 Mich. 478; *Farmers Ins. Exchange* v. *Arlt*, (N. D.) 61 N. W. 2d 429. We think that under the practice prevailing in this jurisdiction the view illustrated by the *Moultroup* case, *supra*, should be controlling, and that "the insurer's right of recovery was limited to a right to intervene in the first suit . . . " brought by the insured. *Moultroup* v. *Gorham*, 113 Vt. 317, 321.

We therefore hold that Travelers Fire Insurance Company is barred from prosecuting its claim. In reliance upon the rule of *Chesley* v. *Dunklee*, *supra*, the defendants were entitled to assume that any claim based upon the plaintiff's rights would be presented in his pending actions. Although they had notice through the pretrial order that "his insurance carrier" had a claim for property damage, the defendants should not be charged with waiver of their right to object to a splitting of causes of action against them upon the ground that they did not seek to have the insurer made party to the pending actions. See *Perkins* v. *Associates*, 100 N. H. 247. On the contrary, responsibility for seasonable presentation of its claim ought to rest upon the insurer itself, since it had ample notice of the pending actions but chose to withhold its claim for later presentation. *Kidd* v. *Hillman*, 14 Cal. App. 2d 507. On the record before us it could not be found that the defendants consented to be subjected to successive actions for the same causes of action.

We do not favor the view adopted by some cases that partial assignment, or subrogation to a part of a cause of action, produces

a new or separate cause of action. See *Underwood* v. *Dooley*, 197 N. C. 100, *supra*. Under our law the insurer's claim is derivative and its rights rise no higher than the plaintiff's from which they stem. "The rights of the insurers are only to enforce the rights of the plaintiff, in whose name the action must stand and be maintained." *Montello Shoe Co.* v. *Suncook Industries*, 92 N. H. 161, 162.

If a subrogation claim becomes barred by a judgment because of the insurer's failure to intervene owing to nonculpable ignorance of the pendency of suit, the insurer may be entitled to have judgment vacated. *Moultroup* v. *Gorham*, 113 Vt. 317, *supra*. See *Hoyt* v. *Tilton*, 81 N. H. 477. No such grounds are presented here, for the agreed facts establish that the insurer's course of conduct was deliberately chosen with knowledge of the pending suits. *General Accident, Ltd.* v. *Sircey*, 354 Mich. 478, *supra*.

The question transferred is answered in the affirmative.

*Remanded.*

All concurred.