Hillsborough
No. 6676

EVELYN M. LOUGEE v. SIMON BERES & a.

December 28, 1973

*Alexander J. Kalinski* by brief and orally for the plaintiff.

*Branch, Strimbeck & Hogan (Mr. Lee Strimbeck* orally) for defendant Simon Beres.

*Stanley, Tardiff & Shapiro (Mr. R. Peter Shapiro* orally) for the defendants Philip Shapiro and The East Side Drive Realty Corp.

GRIFFITH, J. This is an appeal from the dismissal on grounds of res judicata of plaintiff's bill in equity. Plaintiff's exception to the granting of defendants' motion to dismiss by *Keller,* C. J., was reserved and transferred by *Grant,* J.

A previous bill in equity for an accounting was brought by plaintiff against defendant Beres and after trial by the court, there was a verdict for defendant Beres which went to judgment August 8, 1968. The present bill in equity seeks to establish a constructive trust in the property which was the subject matter of the first action and alleges that subsequent to the first judgment the property was sold to The East Side Drive Realty Corp., a corporation controlled by Philip Shapiro who knew of plaintiff's interest in the property.

Except for the allegations relating to the transfer of the property subsequent to the first judgment the facts alleged in the two actions are identical. Plaintiff claims in both actions that in 1956 she gave $1,500 to the defendant Beres for a joint venture in certain property in Concord. That defendant Beres took title in his own name to the property and obtained the balance of the $3,000 purchase price by a mortgage to the Merrimack County Savings Bank. That the plaintiff furnished other sums to defendant Beres in amounts and dates she cannot recall and that in June 1964 Beres encumbered the property by a mortgage to the Merrimack Bank in the amount of $9,800.

In both bills in equity plaintiff alleged that Beres failed to account to the plaintiff with respect to the venture although often requested. In the first action she prays for an accounting for the moneys paid and received on account of the venture. In the second action plaintiff recites this prayer was denied in the first action and she asks for a decree that under a constructive trust Beres held the property for his and her benefit, that East Side Drive Realty Corp. acquired title subject to her rights and that Beres be required to account for the venture.

The only new facts alleged relate to the transfer of the

property to defendant The East Side Drive Realty Corp., a corporation it is alleged is owned and controlled by defendant Philip Shapiro, and that it took the property with full knowledge of plaintiff's rights in the property. Since the present bill in equity alleges that the transfer of the property to the newly-named defendants took place after the judgment in the original action, res judicata bars maintenance of the action against the new defendants unless it can be maintained against the defendant Beres. 50 C.J.S. *Judgments* §§787, 788 (1947); 46 Am. Jur. 2d *Judgments* §533 (1969); Restatement of Judgments §89 (1942); *Robinson-Shore Dev. Co. v. Gallagher,* 26 N.J. 59, 138 A.2d 726 (1958); *Lyon v. Bloomfield,* 355 Mass. 738, 247 N.E.2d 555 (1969).

Generally a judgment on the merits concludes the parties both as to what was actually litigated and as to everything that might have been litigated. *Bottomly v. Parmenter,* 85 N.H. 322, 159 A. 302 (1932); *Ainsworth v. Claremont,* 108 N.H. 55, 226 A.2d 867 (1967); Restatement of Judgments §65 (1) (1942); Restatement (Second) of Judgments §61 (Tent. Draft No. 1, 1973).

Plaintiff claims that since she seeks now to recover on the basis of a constructive trust she is not barred by the previous judgment. Although the words "constructive trust" do not appear in that action no other basis for recovery is apparent. *See Pleakas v. Juris,* 107 N.H. 393, 224 A.2d 74 (1966). If we are to assume that the plaintiff now seeks to recover on the basis of a new theory or remedy, she still cannot escape the bar of the judgment against her in the first action arising out of the same transaction and based upon the same allegations of fact.

"Having been defeated on the merits in one action, a plaintiff sometimes attempts another action seeking the same or approximately the same relief but adducing a different substantive-law premise or ground. This does not constitute the presentation of a new claim when the new premise or ground is related to the same transaction or series of transactions, and accordingly the second action should be held barred." Restatement (Second) of Judgments §61.1, Comment *d* (Tent. Draft No. 1, 1973). "[A] change in labels is not sufficient to remove the effect of the prior adjudication."

*Grace v. Grace,* 394 F.2d 127, 128 (2d Cir. 1968); *P. I. Enter-prises, Inc. v. Cataldo,* 457 F.2d 1012 (1st Cir. 1972); *Wasoff v. American Auto. Ins. Co.,* 451 F.2d 767 (5th Cir. 1971); *Eidel-berg v. Zellermayer,* 6 N.Y.2d 815, 159 N.E.2d 691, 188 N.Y.S.2d 204 (1959); *Moore v. Lebanon,* 96 N.H. 20, 69 A.2d 516 (1949); *see Sibson v. Robert's Express,* 104 N.H. 192, 182 A.2d 449 (1962).

The trial court correctly dismissed the present action as barred by the judgment in the prior case.

*Exception overruled; judgment for the defendant.*

GRIMES, J., dissented; the others concurred.

GRIMES, J., dissenting.

In the first action, plaintiff was seeking an accounting. She alleged that she entered into a "venture" with the defendant under which certain property would be purchased and thereafter sold at a profit which they would share. She further alleged that she gave the defendant $1,500 which he used for part of the purchase price of the property, title to which he took in his name. At the time of the first action, the property had not been sold.

After hearing before the court, the following order was entered by the court: "Plaintiff has failed to meet the burden of proof. Verdict for the defendant."

In the present action, the plaintiff does make the same factual allegations except here she alleges that the property has now been sold and seeks a decree establishing a constructive trust.

In this State, res judicata includes not only the effect of a former judgment as a bar to a later claim on the same cause of action, but also what is known as collateral estoppel relating to the effect of a former judgment on a later action based on a different claim. *Ainsworth v. Claremont,* 108 N.H. 55, 56, 226 A.2d 867, 869 (1967). When the cause of action is the same, the former judgment is a bar not only as to those issues which were actually tried, but also as to all matters that might have been tried and determined. When, however, the second suit is on a different cause of action, the former

judgment is a bar only as to those matters which were actually determined adversely to the plaintiff. *McGrath v. McGrath,* 109 N.H. 312, 315, 251 A.2d 336, 339 (1969); *Ainsworth v. Claremont supra.*

In my view, the present action is a different cause of action from the first, and therefore the collateral estoppel part of res judicata applies. Under this rule, plaintiff is barred only as to issues which were determined adversely to her in the first action. If it were clear that the verdict in the first action was based on a failure to prove that she advanced the money, I would join the court in its opinion. However, the decision of the trial court in the first action is ambiguous and too indefinite to be the basis of a res judicata claim. It cannot be determined on what issue the plaintiff failed to meet her burden. A "reasonable doubt as to what was decided in the first action should preclude the drastic remedy of foreclosing a party from litigating an essential issue". *McNellis v. First Fed. Sav. & Loan Ass'n,* 364 F.2d 251, 257 (2d Cir. 1966).

The venture was to sell the property and share the profit. Since the property had not been sold at the time of the first suit, there was no profit for which to account and no breach of the agreement. It seems to me that this is at least as probable a basis for the verdict for the defendant as a failure to find that she advanced the funds. Since other grounds exist, the defendant has failed to show that the prior judgment necessarily adjudicated against plaintiff the issue whether she advanced the money. *McGrath v. McGrath,* 109 N.H. 312, 251 A.2d 336 (1969); 46 Am. Jur. 2d *Judgments* §607 (1969); A. Vestal, Res Judicata/Preclusion V-550 (1969). The property now having been sold, the plaintiff is in a different position than before and in my view her present action should not have been dismissed.

Moreover, Restatement (Second) of Judgments §61 f (Tent. Draft No. 1, 1973) states "Material operative facts occurring after the decision of an action with respect to the same subject matter may themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first . . . ."