Hillsborough
No. 83-398

### KAREN VACHON, PMA PRISCILLA LEMIRE

v.

### DOUGLAS HALFORD

### SUSAN SMITH, PMA JACKIE WIEGAND

v.

### ROSALIE J. JORDAN

October 5, 1984

*Craig, Wenners & McDowell P.A.*, of Manchester, for Karen Vachon.

*Holland & Aivalikles*, of Nashua, for Susan Smith.

*Branch & Greenhalge P.A.*, of Concord (*Frederic T. Greenhalge* on the brief and orally), for Blue Cross/Blue Shield of New Hampshire-Vermont.

DOUGLAS, J.  In this appeal, we are asked to determine whether the superior court erred in striking, from each plaintiff's petition for approval of a settlement on behalf of a minor, a provision representing an agreement previously reached by each plaintiff with Blue Cross/Blue Shield of New Hampshire-Vermont (Blue Cross/Blue Shield) in settlement of the company's subrogation rights. We hold that the trial court erred, and we reverse.

The operative facts of these two consolidated cases are substantially the same. Both minor plaintiffs suffered serious injuries when they were struck by motor vehicles operated by the defendants. Blue Cross/Blue Shield paid the cost of medical expenses resulting from the accidents, under medical and health insurance policies issued to the minors' parents. Both policies contained the following subrogation clause:

> "In the event of any payment of benefits under this Certificate, THE PLANS shall be subrogated to all of the Member's rights of recovery of those benefits against any person or organization, and the Member shall cooperate with THE PLANS and do whatever is necessary to secure those rights."

The above-entitled actions were commenced on behalf of each minor by her mother. Sometime after the commencement of each action, an agreement was negotiated between each plaintiff and Blue Cross/Blue Shield compromising the company's claim to reimbursement of medical expenses which it had acquired by virtue of the contractual subrogation clause quoted above.

Subsequently, each plaintiff reached a settlement agreement with each defendant. Counsel for each plaintiff thereupon petitioned the superior court for approval of a settlement on behalf of a minor. *See* SUPER. CT. R. 111. Counsel for each plaintiff included in the petition a provision for payment of medical expenses, *see* SUPER CT. R. 111(c), and requested that direct payment be made to Blue Cross/Blue Shield in the amount previously agreed upon by that plaintiff and Blue Cross/Blue Shield. The Superior Court (*Goode*, J.) approved each petition, but excluded from each decree approving the petition the provision representing the settlement agreement reached by each plaintiff and Blue Cross/Blue Shield.

Blue Cross/Blue Shield then filed a motion to modify the decree in each action. Hearings were held, and in separate decisions issued September 1, 1983, the Superior Court (*Goode*, J.) denied each motion. Relying on this court's decision in *Blue Cross/Blue Shield v. St. Cyr*, 123 N.H. 137, 459 A.2d 226 (1983), the court ruled that Blue Cross/Blue Shield had no right in either case to recover from the *minors* the sums it paid for their medical expenses. The court further ruled that under the terms of its subrogation clause, Blue Cross/Blue Shield was subrogated to the *parents'* rights to recover those expenses.

■■ Generally speaking, "[w]hen a minor child is injured by the negligent act of a third party two causes of action arise. One by the child itself for personal injuries upon it; a second by the parent or parents for consequential damages such as loss of services and expenses caused by the injury to the child." *Heath v. Seymour*, 110 N.H. 425, 429, 270 A.2d 602, 605 (1970). In *Blue Cross/Blue Shield v. St. Cyr*, 123 N.H. 137, 459 A.2d 226 (1983), we reasoned that because a parent, and not a minor child, is liable for medical expenses incurred on the child's behalf, the child has no right to recover those expenses. Consequently, Blue Cross/Blue Shield has no subrogation rights it can specifically enforce against the minor in his or her action for personal injuries. *Id.* at 141, 459 A.2d at 228–29. Normally, any rights to which Blue Cross/Blue Shield is entitled under its subrogation clause pertain solely to the parents' action for consequential damages. *Id.* at 141, 459 A.2d at 229.

In *Blue Cross/Blue Shield v. St. Cyr*, the following procedures were outlined as those Blue Cross/Blue Shield might follow to enforce its contractual subrogation rights. If the parent institutes an action against the tortfeasor to recover the medical expenses incurred on behalf of the minor, and there is no agreement between Blue Cross/Blue Shield and the parent that the company's interest will be protected, Blue Cross/Blue Shield has the right to intervene

in the suit to protect its interest. If either the parent or the tortfeasor refuses to acknowledge and protect the company's interest, or if no suit is brought by the parent against the tortfeasor, Blue Cross/Blue Shield has the right to enforce its rights by commencing an action in the parents' name against the tortfeasor. *Id.* at 141–42, 459 A.2d at 229.

■ Presumably, Blue Cross/Blue Shield could have acted in a manner consistent with the above-outlined procedures. We conclude, however, that when there is an agreement by the parent or parents that Blue Cross/Blue Shield's rights under its subrogation clause will be protected and a settlement agreement is reached between a minor plaintiff and the tortfeasor which provides for the payment of medical expenses, Blue Cross/Blue Shield may specifically enforce its rights, as subrogee, by including in the petition for approval of a settlement on behalf of a minor any agreement it has negotiated for the reimbursement of medical expenses.

RSA 464-A:42 requires court approval of a settlement on behalf of a minor before that settlement can take effect. Superior Court Rule 111 provides that the approval shall be requested by petition, and prescribes the information to be set forth in that petition. It states that the petition shall contain, where applicable:

> "The total amount of the settlement and whether the bills are to be paid out of the total settlement or are being paid in addition as part of the parent's claim. If the parent is being paid anything directly, the petition should contain a statement of the total amount being paid the parent and a specification of the items covered."

SUPER. CT. R. 111(c).

Hence, while the settlement nominally is one on behalf of a minor, provision is made for the payment of expenses incurred by the parent—expenses which normally would be recovered only in an action by the parent against the tortfeasor. *See Blue Cross/Blue Shield v. St. Cyr*, 123 N.H. 137, 141, 459 A.2d 226, 229 (1983); *Heath v. Seymour*, 110 N.H. 425, 429–30, 270 A.2d 602, 605 (1970). These bills, of course, serve as the "specials" in the child's tort action and are usually a key factor in negotiating a settlement. Since, under the terms of its subrogation clause, Blue Cross/Blue Shield is subrogated to the parent's right to recover medical expenses, *Blue Cross/Blue Shield v. St. Cyr, supra* at 141, 459 A.2d at 229, when provision is made for payment of such expenses out of the total settlement, Blue Cross/Blue Shield, as subrogee, may specifically enforce its right to receive medical expenses it paid on a minor's

behalf by including, in a petition for approval of a minor's settlement, any agreement it has negotiated for the reimbursement of expenses.

In each of the cases before us, Blue Cross/Blue Shield negotiated an agreement with the plaintiff compromising its claim, as subrogee, to reimbursement of medical expenses. A settlement agreement then was reached with the tortfeasor and that agreement provided for the payment of medical expenses. While direct payment could have been made to the parent with the specification that certain sums be paid to Blue Cross/Blue Shield, the plaintiff's attorney chose to provide for direct payment to Blue Cross/Blue Shield. Nothing in Superior Court Rule 111 prevents such a disposition of settlement funds. On the contrary, that provision allows such "bills ... to be paid out of the total settlement ...." SUPER. CT. R. 111(c).

Accordingly, we conclude that the superior court erred in striking from the decrees approving the minors' settlements the provisions representing the agreements between Blue Cross/Blue Shield and the plaintiffs.

*Reversed and remanded.*

All concurred.