Rockingham
No. 7689

ROGER BOUCHER & a.

v.

OLLIE D. BAILEY

July 11, 1977

*William E. Aivalikles* of Nashua, by brief and orally, for the plaintiffs Roger Boucher, Esther Boucher, Arthur B. Morrill, and Muriel H. Morrill.

*Walter A. Pillsbury*, of Derry, by brief and orally, for defendant Ollie D. Bailey.

DOUGLAS, J. The issue in this case is whether the trial court properly denied defendant Bailey's motion to dismiss plaintiffs Bouchers' petition on the grounds of res adjudicata in the previous case of *Ollie D. Bailey v. Arthur B. Morrill & a.*, Equity No. E-8243 (N.H. Super. Ct. August 20, 1974). Defendant's exception was reserved and transferred by *Bois*, J. In the previous case, decided on the merits by *Mullavey*, J., the present plaintiffs were restrained and enjoined from crossing Bailey's land and using her beach area; their cross-petition claiming an easement by adverse possession of a thirty-six foot long right of way across defendant's land to the lake was dismissed. They subsequently withdrew their appeal in that case. Plaintiffs then filed a bill in equity seeking to use the right of way on the basis of an easement by implication.

The land in question is the same land over which the present plaintiffs were restrained and enjoined from passing in the previous case. A judgment on the merits concludes the involved parties both as to what was actually litigated and as to everything that might have been litigated. *Lougee v. Beres*, 113 N.H. 712, 313 A.2d 422 (1973). Plaintiffs in the previous case could have filed a cross-petition claiming an easement by implication, but did not. "A valid judgment finally negatives every defense that was or might have been raised. This is so in spite of the fact that the defense is actually raised by way of an affirmative claim for relief in the form of a different cause of action in a subsequent proceeding." *University of N.H. v. April*, 115 N.H. 576, 580, 347 A.2d 446, 450–51 (1975). If plaintiffs were permitted to bring a second action on a ground which could have been raised as a defense in the first case, it is possible that a judgment in the second case would destroy or impair defendant Bailey's rights which were established by the decision on the merits in the first case. For this

reason, the judgment in the first action is conclusive. *Developments in the Law—Res Judicata,* 65 Harv. L. Rev. 818, 825 (1952). The Restatement (Second) of Judgments § 61.1, Comment *d* (Tent. Draft No. 1, 1973), states that a defeated party may not institute another action ". . . seeking . . . approximately the same relief but adducing a different substantive law premise or ground. This does not constitute the presentation of a new claim when the new premise or ground is related to the same transaction or series of transactions . . . ."

■ Plaintiffs here seek the same relief which they attempted to gain in their presentation of a cross-petition for easement by adverse possession in the prior action. The underlying facts of the two cases are identical. Plaintiffs "cannot escape the bar of the judgment . . . in the first action arising out of the same transaction and based upon the same allegations of fact." *Lougee v. Beres,* 113 N.H. 712, 714, 313 A.2d 422, 423 (1973). Conflicting claims flowing from a common source should be determined in a single action, thus avoiding vexatious litigation and conflicting judgments. A. Vestal, Res Judicata/Preclusion V-91 (1969). Plaintiffs are barred from bringing an action for an easement by implication.

*Exception sustained; remanded.*

BOIS, J., did not sit; the others concurred.