Grafton
No. 92-710

CATHEDRAL OF THE BEECHWOODS, INC.

v.

RICHARD F. PARE & a.

March 31, 1994

*Christopher Dye*, of Bradford, Vermont, by brief and orally, for the plaintiff.

*Murphy, McLaughlin, Hemeon & Lahey, P.A.*, of Laconia (*Matthew J. Lahey* on the brief and orally), for defendants Richard F. Pare and Linda Pare.

*John J. McCormack*, of Ashland, by brief and orally, for defendant Town of Ashland.

### MEMORANDUM OPINION

BATCHELDER, J.   The plaintiff, the Cathedral of the Beechwoods, Inc., appeals the Superior Court's (*Morrill*, J.) dismissal of its petition for declaratory judgment and damages against the defendants, Richard F. Pare, Linda Pare, and the Town of Ashland (the town). The trial court ruled that the plaintiff's petition was barred by the doctrine of res judicata. We affirm.

In 1985, the defendants brought actions against the plaintiff and Joseph S. Haas, Jr., seeking ejectment and to quiet title to a parcel of property on South Main Street in Ashland. The town had acquired the property at a tax sale and had contracted to sell the property to the Pares.

As evidenced by documentation in the court records, the parties settled the litigation. The town gave the plaintiff a quitclaim deed to the property. In return, the plaintiff released the town from all claims for rents received from the property, both then and in the future, up to $17,500. The stipulation also called for docket markings as follows: "Judgment for neither party. No interest. No costs. No further action for the same cause." The stipulation between the Pares and the plaintiff similarly called for the docket to be marked, "Voluntary Non-Suit with prejudice; no further action for same cause. No interest, costs or attorney's fees to either party." The plaintiff did not give any release to the Pares. The court approved both stipulations and entered decrees accordingly.

On April 12, 1991, the plaintiff sought a declaratory judgment that the town's tax sale and its purchase of the property were invalid, that the Pares' possession was unlawful, and that title to the property rested solely in the plaintiff. The trial court granted the defendants' motion to dismiss, ruling that count I (the title claim) of the plaintiff's suit was barred by res judicata and that the other counts (including claims for rent, property damage, attorney's fees, and enhanced damages) were dependent upon count I. This appeal followed.

We first consider whether res judicata bars the plaintiff's suit against the town. The plaintiff argues that its settlement agreement with the town was limited only to the first $17,500 in rents and, therefore, it is not barred from proceeding against the town for damages equal to any potential rents over $17,500. The settlement agreement, however, is not the controlling document in this case. "[T]he *consent judgment* entered on the docket . . . , which states '[Judgment for] [n]either party. No costs. No further action for the same cause,' is the relevant disposition for determining whether res judicata . . . bars the suit against [the town]." *Waters v. Hedberg*, 126 N.H. 546, 548, 496 A.2d 333, 335 (1985).

■■ A judgment on the merits has preclusive effect as to both what was actually litigated and everything that could have been litigated. *Boucher v. Bailey*, 117 N.H. 590, 591, 375 A.2d 1160, 1161 (1977). "The same result can follow from a consent judgment resulting in docket markings such as those entered in this case." *Hedberg*, 126 N.H. at 548–49, 496 A.2d at 335 (quotation omitted). The plaintiff cannot now, by varying the form of the action, escape the operation of the principle that one and the same cause of action should not be litigated twice. *See ERG, Inc. v. Barnes*, 137 N.H. 186, 191, 624 A.2d 555, 558–59 (1993).

■■ The plaintiff's suit against the Pares is likewise barred. The "Voluntary Non-Suit with prejudice" docket marking in the original case is a distinction without a difference. "A judgment of dismissal has been held to be on the merits, where, pursuant to the agreement of the parties, the judgment or order of dismissal provides by its express terms that . . . the plaintiff shall have no further cause of action." *Moore v. Lebanon*, 96 N.H. 20, 22, 69 A.2d 516, 518 (1949) (quotation omitted) (omission in original).

Because res judicata barred the plaintiff's suit against both the town and the Pares, the trial court did not err in granting the defendants' motion to dismiss. Accordingly, we affirm.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.