Hillsborough-northern judicial district
No. 2003-698

MIRVAT OSMAN

v.

GARY A. GAGNON d/b/a FLOORS & MORE

Argued: April 5, 2005
Opinion Issued: June 16, 2005

*Law Offices of Randall E. Wilbert*, of Nashua (*Randall E. Wilbert* and *Mary Lynn Roedel* on the brief, and *Mr. Wilbert* orally), for the plaintiff.

*Gawryl & MacAllister*, of Nashua (*Jared O'Connor* on the brief and orally), for the defendant.

DUGGAN, J. Following a bench trial, the plaintiff, Mirvat Osman, appealed a decision of the Superior Court (*Lynn*, J.) ruling that her claim is barred by the doctrine of res judicata. We affirm.

The record supports the following facts. In April 2001, Zakaria Khater hired the defendant, Gary Gagnon d/b/a Floors & More, to install ceramic tile, carpeting and hardwood flooring at a residence in Amherst. Osman, Khater's former spouse, was the record title owner of the residence. Although Khater did not own the residence, he regularly stayed there and used it as his legal address. Gagnon negotiated exclusively with Khater concerning the estimates for the work that was to be performed. Khater gave Gagnon a check for the $4,000 down payment that he signed in Osman's name and that was drawn from her bank account.

After the flooring was installed, Osman told Khater that she was dissatisfied with the final product. When Gagnon called Khater to collect the balance of the payment that was due, Khater told him that there were problems with the installation. Gagnon came to the house to inspect the work and an argument ensued. Khater refused to pay the balance owed and Gagnon threatened a lawsuit. Khater later informed Osman that Gagnon had threatened to sue. Khater also consulted with his attorney, who recommended that Khater obtain photographs of the problems and estimates for the cost of repairing Gagnon's work. Upon review of the

photographs and estimates, Khater's attorney suggested to Khater that Osman could sue Gagnon.

In September 2001, Gagnon filed a small claims complaint against Khater in the Milford District Court seeking payment of the balance due for work performed under their contract. Khater was served with notice at the Amherst residence, his legal address as provided on his driver's license. Khater apprised Osman of this lawsuit and his attorney's recommendation that Osman hire a lawyer to sue Gagnon.

During the small claims proceeding, Khater's attorney alleged that Gagnon had sued the wrong person and indicated that Osman intended to sue Gagnon in superior court. Khater's attorney also presented arguments about the quality of Gagnon's work, but did not file a counterclaim. The district court ruled that Gagnon and Khater were bound by an enforceable contract, that Gagnon had performed according to the terms of the contract, and awarded Gagnon $4,620 plus costs and interest. Khater did not appeal.

Instead, four months later, Osman filed suit in superior court alleging breach of contract and seeking over $15,000 in damages under the same contract ruled upon in the small claims proceeding. Gagnon, appearing *pro se*, filed a motion to dismiss based upon res judicata, which the trial court denied because there were factual issues in dispute. Thereafter, Gagnon retained counsel, impleaded Khater as a third-party defendant and filed a renewed motion to dismiss. The trial court denied the motion because Gagnon had not yet shown that Osman was in privity with Khater in connection with the district court litigation.

After a one-day bench trial, the trial court ruled that Osman's claim was barred by res judicata. The court also found that Osman had "failed to prove that she is entitled to any damages." Gagnon filed a motion for attorney's fees, alleging that Osman provided false statements to the trial court. The trial court granted the motion. This appeal followed.

We will affirm the trial court's factual findings unless they are unsupported by the evidence and we will affirm the trial court's legal rulings unless they are erroneous as a matter of law. *Dow v. Town of Effingham*, 148 N.H. 121, 124 (2002).

Osman argues that the trial court erred by ruling that her claim was barred by res judicata. She contends that because of the district court's jurisdictional limitations in small claims proceedings, the only way she could obtain a full remedy was by filing a separate suit in superior court. *See Thomas v. Crete*, 141 N.H. 708, 709 (1997) (holding that a counterclaim is subject to the jurisdictional limitation over small claims, currently $5,000); *see also* DIST. CT. R. 4.2 (small claims litigants must either waive the right to claim any amount over $5,000 or proceed by regular civil writ).

Thus, Osman argues that her due process right to a full remedy, as guaranteed under the New Hampshire Constitution, is violated if res judicata bars a separate civil suit in superior court. *See* N.H. CONST. pt. I, art. 14.

■ ■ "The essence of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action." *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. 270, 273 (1987) (quotation omitted). Res judicata attempts to avoid repetitive litigation in order to promote judicial economy and a policy of certainty and finality in our legal system. *Brzica v. Trustees of Dartmouth College*, 147 N.H. 443, 454 (2002). Thus, "[a] valid judgment finally negatives every defense that was or might have been raised." *Boucher v. Bailey*, 117 N.H. 590, 591 (1977) (quotation omitted). Three conditions must be met for res judicata to apply: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered on the first action. *Brzica*, 147 N.H. at 454.

■ The trial court found that Khater and Osman acted jointly in forming the contract with Gagnon and that "Khater had authority from Osman to represent her interests in the proceedings in the district court." These findings are supported by the record. Thus, because Osman and Khater were in privity, res judicata prevents Osman from bringing a claim in superior court that could have been raised as a defense or counterclaim in the small claims proceeding. *Boucher*, 117 N.H. at 591.

■ Furthermore, applying res judicata does not violate Osman's right to due process because she or Khater could have pursued their claim for damages under the statutory provisions that permit transfer of a case from district to superior court. *See* RSA 502-A:14, III (1997); RSA 503:1, III (Supp. 2004). A defendant who has a claim for damages in excess of $1,500 arising out of the same transaction or situation as the plaintiff's claim may compel removal of the case to superior court. RSA 502-A:14, III(b). Likewise, when the damages claimed in a small claims proceeding exceed $1,500, the defendant may request a trial by jury and the case must be transferred to superior court. RSA 503:1, III; *see also* RSA 502-A:15, I (1997) (transfer of case for jury trial for cases in which district court has concurrent jurisdiction with superior court). Finally, a defendant may remove a district court case that arises out of the same transaction or situation as a pending case in superior court. RSA 502-A:14, III(a). Here, Osman and Khater had notice of their potential counterclaim and the

procedures for filing a claim in superior court. Because they failed to use these procedures while the small claims matter was pending, res judicata bars Osman's present claim in superior court.

Osman argues that we should follow decisions in other States that have either limited or precluded the application of res judicata to small claims cases. *See, e.g., MacKinder v. OSCA Development Co.*, 198 Cal. Rptr. 864, 869 (Ct. App. 1984); *Smith v. Caggiano*, 421 N.E.2d 473, 477 (Mass. App. Ct.), *review denied*, 440 N.E.2d 1172 (Mass. 1981). Some States have relied upon the informality and procedural limitations in small claims proceedings by holding that, on the facts presented, "judgments of the small claims court have limited res judicata effects." *MacKinder*, 198 Cal. Rptr. at 869. However, Osman and Khater were not confined to the small claims proceeding or limited by its procedural constraints. Here, the facts show that while the small claims matter was pending, Osman and Khater knew that they had a counterclaim and simply failed to avail themselves of the statutory procedures available to pursue it.

Accordingly, we hold that the trial court did not err in finding that Osman's claim is barred by res judicata.

*Affirmed.*

NADEAU, DALIANIS and GALWAY, JJ., concurred.