**Baldi v. Broderick, et al.**          **CV-04-466-PB   09/21/05**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

<u>John A. Baldi</u>

    **v.**                                    Case No.   04-CV-466-PB
                                        **Opinion No. 2005 DNH 133**
<u>John T. Broderick, Jr., et al.</u>


### <u>MEMORANDUM AND ORDER</u>

This case represents John Baldi's latest stop on what has become a lengthy journey through the state and federal judicial systems.  He has sued 26 individuals based on their alleged involvement in three incidents:  an alleged assault in 1999, a road improvement project in 2000, and a libel action filed in 2003.

Defendants have moved to dismiss Baldi's claims on a variety of grounds.  Because most of Baldi's claims are barred by *res judicata* and the few that remain either fail to state a claim for relief or are not actionable in federal court under the <u>Rooker-Feldman</u> doctrine,[1] I grant defendants' motions.

_____

[1]   <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923).

## A.  The Complaint[2]

### 1.  The Assault

Baldi claims that "[o]n July 8, 1999 shortly after 11:00 PM a truck driven by Paul Pearson, the brother of a Fish & Game employee, exited a gravel road in the town of Epsom at a high rate of speed and drove 300 yards across a hay field owned by the Baldi family in an attempt to either kill or seriously injure the plaintiff, John A. Baldi, by striking him with the truck." Compl. ¶ 38.  James MacKenzie, an employee of the New Hampshire Fish & Game Department, "planted the seed for Pearson's actions." Id. ¶¶ 39-40.  The Epsom Police rebuffed Baldi's effort to have Pearson prosecuted because he was the brother of a Fish & Game official.  Id. ¶ 39.  After Baldi persisted, Epsom police officers Roger Amadon and Frank Cassidy "executed knowingly false affidavits" and caused Baldi to be arrested for making a false report to a law enforcement officer, hunting from a motor

---

[2]  I construe the Amended Complaint (document no. 9) in the light most favorable to Baldi.

vehicle, and illegally placing an animal carcass near a roadway.[3] Id. § 41.

Baldi was tried on all three charges in Concord District Court. The false report charge was dismissed during trial. Id. Baldi was found not guilty of hunting from a motor vehicle but was convicted of placing an animal carcass near a roadway. Id. ¶ 43. The Concord District Court had a policy of allowing its judges to see and consider notes prepared by bail commissioners when deciding on a defendant's guilt or innocence. Id. ¶ 44. The trial judge in Baldi's case took advantage of this policy and improperly considered the bail commissioner's notes. Id. The judge also improperly instructed the clerk to enter guilty verdicts on all three charges in the midst of trial. Id. ¶ 45. The New Hampshire Supreme Court summarily affirmed Baldi's conviction. Id. ¶ 43. The conviction was annulled, however, in November 2004. Id. ¶ 141.

---

[3] The false report charge was based on Baldi's complaint about Pearson. The hunting from a motor vehicle charge and the charge of illegally placing an animal carcass near a roadway were based on allegations that Baldi had shot a deer from his trunk and later hung it from a tree near a road.

The New Hampshire Attorney General's office has had a long-standing policy of refusing to allow criminal complaints to be prosecuted against state officials, employees, and family members. Id. ¶ 31. New Hampshire Attorney General Kelly Ayotte, Attorney General's office investigator Michael Bahan, and Former Governor Craig Benson have relied on this policy in refusing to investigate various individuals who committed crimes against Baldi. Id. ¶ 59.

Baldi has sued Fish & Game employee James MacKenzie, former Epsom police officers Henry Farrin and Frank Cassidy, former Epsom Police Chief Roger Amadon, former Epsom Selectman John Hickey, Epsom Police Officer Eric Bourn, Concord District Court Judge Michael Sullivan, retired District Court Judge Arthur Robbins, former Concord District Court Clerk Barbara Sweet, all five members of the New Hampshire Supreme Court, Attorney General Kelly Ayotte, Attorney General's Office Investigator Michael Bahan, and former Governor Craig Benson in connection with this incident.

2. Road Improvement Project

Unidentified Epsom police officers and other "accomplices" removed soil from Baldi's property without permission during a

-4-

road improvement project and used it to fill a wetlands area in the town cemetery in August and September 2000. Id. ¶ 46. These individuals severely damaged 200 year-old maple trees on Baldi's property while removing the soil. Id. Baldi unsuccessfully litigated claims arising from these actions in Merrimack County Superior Court. Id. ¶ 47. Superior Court Judge Edward Fitzgerald was the presiding officer. Id. ¶ 48. The Supreme Court summarily affirmed Judge Fitzgerald's rulings. Id. ¶ 50.

Baldi has sued Judge Fitzgerald and all five members of the New Hampshire Supreme Court in connection with this incident.

3. The Libel Action

Baldi wrote a letter to the New Hampshire Department of Environmental Services complaining that Ronald Brown had used soil obtained from the road improvement project to illegally fill a wetlands area in the town cemetery. Id. ¶¶ 51-53. Citing this letter, Brown sued Baldi for libel in Merrimack County Superior Court in June 2003. Id. ¶ 53. Brown was represented in the libel action by Attorney Charles Russell. Id. ¶ 60. Superior Court Judge Kathleen McGuire ordered an attachment of Baldi's property and the attachment was perfected by Merrimack County deputy sheriffs Alan Demichelis and Henry Thormley. Judge

-5-

McGuire later entered a default judgment against Baldi for failing to appear at a scheduled conference despite the fact that Baldi had never received notice of the conference date. Id. ¶¶ 55-57. Brown supplied a false affidavit in a related civil case and his wife, Gail Brown, witnessed the affidavit knowing that it was false. Id. ¶ 58. Susan Bridge notarized an unspecified document that was not signed in her presence. Id. Baldi has sued Ronald and Gail Brown, Bridge, Attorney Russell, Judge McGuire, and Deputy Sheriffs Demichelis and Thormley in connection with this incident.

## B. **Prior Litigation**

### 1. Litigation Concerning the Assault

#### a. **Baldi v. Bourn**

Baldi first sued Bourn, Pearson, and MacKenzie in an action filed in this court in October 2001. See Baldi v. Bourn, No. 01-CV-396-JD. Baldi sought damages from all three defendants on a variety of legal theories. All of Baldi's claims in that action arose from Pearson's alleged assault, defendants' refusal to prosecute Pearson, and defendants' decision to prosecute Baldi instead. The court ultimately rejected Baldi's federal claims

and declined to exercise supplemental jurisdiction over his state law claims. See Baldi v. Bourn, No. 01-CV-396-JD, Orders dated May 16, 2002 and October 30, 2002. Baldi did not appeal.

### b. Baldi v. Stout

Baldi sued Bail Commissioner Stout in Merrimack County Superior Court on July 3, 2000. See Baldi v. Stout, Merrimack County Super. Ct. No. 00-c-345. He asserted several claims against Stout based on a letter that Stout allegedly had sent in his capacity as a bail commissioner to the Concord District Court. Judge McGuire ultimately rejected Baldi's claims because she concluded that Stout was immune from suit. See Baldi v. Stout, Merrimack County Super. Ct. No. 00-C-345, Order dated February 8, 2001.

### c. Baldi v. Amadon

Baldi filed a second federal action in July 2002 addressing the same issues he litigated in Baldi v. Bourn. This time, he sued Amadon, Farrin, Cassidy, Bourn, MacKenzie, Pearson, Stout, and Sweet. He also sued one of Attorney General Ayotte's predecessors and several of his assistants because he claimed that the Attorney General's office was culpable in the conspiracy

not to prosecute Pearson.  See Baldi v. Amadon, No. 02-CV-313-SM ("Amadon").  Baldi continued to fault Bourn, Pearson and Cassidy for Pearson's alleged assault.  He also blamed Amadon, Cassidy and others for failing to prosecute Pearson and for wrongly charging Baldi instead.  He complained that he had been wrongly convicted in Concord District Court and he claimed that Stout had improperly placed notes in the court file for the judge in his case to see.  The court rejected  Baldi's federal claims on the merits and declined to exercise supplemental jurisdiction over his state law claims.  See Baldi v. Amadon, No. 02-CV-313-M, Orders date June 9, 2003, April 5, 2004, and May 13, 2004.  These rulings were sustained on appeal.

### d.  Baldi v. MacKenzie

Baldi brought yet another federal claim against MacKenzie in Baldi v. MacKenzie, No. 04-CV-158-SM.  This action, a state law claim for negligence, was dismissed because the court concluded that the claim was in reality a claim against the state, which the court lacked jurisdiction to consider.  See Baldi v. MacKenzie, No. 04-CV-158-SM, Order dated July 26, 2004.  Baldi did not appeal.

2. <u>Litigation Concerning the Road Improvement Project</u>

a. **<u>Farrin I</u>**

Baldi and his mother, Elsie Baldi, filed their first complaint challenging the road improvement project in March 2001. <u>See</u> Complaint, <u>Baldi v. Farrin</u>, No. 01-CV-98-JD ("Farrin I"). They sued Farrin, several Epsom selectmen, and the Town of Epsom, claiming that the soil removal was an unconstitutional taking without compensation and a violation of their due process and equal protection rights. They also asserted various state law claims. The court dismissed the federal claims because Baldi had not exhausted his state remedies. <u>Baldi v. Farrin</u>, No. 01-CV-98-JD, Orders dated September 24, 2001 and March 18, 2002. The court also declined to exercise jurisdiction over Baldi's state law claims. <u>See</u> <u>id.</u> These rulings were affirmed on appeal.

b. **<u>Farrin II</u>**

Baldi and his mother filed a complaint in state court challenging the road improvement project in October 2001. <u>See</u> <u>Baldi v. Farrin</u>, Merrimack County Super. Ct. No. 01-C-491 ("Farrin II"). In addition to the defendants named in Farrin I, the Baldis sued Brown and other individuals who allegedly had

participated in the soil removal.  Judge Fitzgerald rejected all of plaintiffs' claims.  See Baldi v. Farrin, Merrimack County Super. Ct. No. 01-C-491, Orders dated January 28, 2002, May 17, 2002, and September 27, 2002.  These rulings were summarily affirmed by the New Hampshire Supreme Court.

### c.  Farrin III

Baldi and his mother filed another federal court complaint addressing the soil removal issue after they lost in Farrin II. See Baldi v. Farrin, No. 03-CV-96-PB ("Farrin III").  In addition to the defendants named in Farrin II, the Baldis sued Judge Fitzgerald and several lawyers and law firms who had represented defendants in Farrin I and II.  See id.  The court determined that it lacked subject matter jurisdiction to consider the Baldis' claims.  Baldi v. Farrin, No. 03-CV-96-PB, Orders dated May 23, 2003, June 23, 2003 and August 20, 2003.  These rulings were affirmed on appeal.

### d.  Farrin IV

Baldi's wife, Catherine Baldi, filed yet another action challenging the soil removal.  See Baldi v. Farrin, No. 03-CV-342-PB.  The court ruled that it lacked subject matter

jurisdiction to consider Catherine Baldi's claims.  See Baldi v. Farrin, No. 03-CV-342-PB, Order dated July 27, 2004.  Baldi did not appeal.

   3.  Litigation Concerning the Libel Action

      a.  **Brown v. Baldi**

Brown sued Baldi for libel and to recover attorney's fees in Merrimack County Superior Court.  See Brown v. Baldi, Merrimack County Super. Ct. No. 03-C-372.  Baldi attempted to remove the case to federal court but the court determined that it lacked jurisdiction to consider Brown's claims.  See Brown v. Baldi, No. 03-CV-319-JD, Order dated January 15, 2004.  Brown obtained a $10,000 attachment in state court and Judge McGuire entered orders holding Baldi in default and awarding Brown $1,000 in damages on the libel claim.  See Brown v. Baldi, Merrimack County Super. Ct. No. 03-C-372, Orders dated June 30, 2003 and December 30, 2004.  On July 12, 2005, docket markings were filed stating that "the Defendant John A. Baldi has paid the judgment in full including all costs, fees and other amounts awarded by the Court."

### b. **Baldi v. Brown**

Baldi sued Ronald and Gail Brown, Charles Russell, Gregory Bowen, and the Town of Epsom in a complaint arising from the filing of the libel claim. See Baldi v. Brown, No. 04-CV-206-SM. Baldi based his claims on defendants' alleged involvement in obtaining the $10,000 attachment and in prosecuting the libel action. The court rejected all of Baldi's claims on the merits. See Baldi v. Brown, No. 04-CV-206-SM, Order dated November 30, 2004. This ruling was affirmed on appeal.

## II. **ANALYSIS**

### A. **Claims Barred by *Res Judicata***

*Res judicata* bars "the parties or their privies from relitigating claims that were raised or could have been raised in [a previous] action."[4] Breneman v. United States, 381 F.3d 33,

---

[4] The *res judicata* effect of a state court judgment is determined using state law, see Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000), whereas federal law governs the res judicata effect of a federal court judgment, see Colonial Mortgage Bankers Corp. v. Lopez-Stubbe, 324 F.3d 12, 16 (1st Cir. 2003). New Hampshire's law of res judicata does not differ materially from federal law. Accordingly, I cite state and federal precedents interchangeably.

38 (1st Cir. 2004) (quotation omitted); see also Grossman v. Murray, 141 N.H. 265, 269 (1996) ("Res judicata is a broader remedy [than collateral estoppel] and bars the relitigation of any issue that was, or might have been, raised in respect to the subject matter of the prior litigation." (emphasis omitted)). The elements of a *res judicata* defense are: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Breneman, 381 F.3d at 38, quoting In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003)); see also Osman v. Gagnon, 876 A.2d 193, 195 (N.H. 2005) (same). In general, causes of action are identical for *res judicata* purposes when they arise from the same factual transaction. Havercombe v. Dep't of Educ. 250 F.3d 1, 4-5 (1st Cir. 2001) (federal law); Patterson v. Patterson, 306 F.3d 1156, 1159-60 (1st Cir. 2002) (New Hampshire law).

Baldi sued Amadon, Farrin, Cassidy, Bourn, MacKenzie and Sweet in Amadon for failing to prosecute Pearson, prosecuting Baldi, and improperly influencing his prosecution in Concord District Court. A final judgment was entered against Baldi in

-13-

that action and the judgment was sustained on appeal.  All of Baldi's current claims against the <u>Amadon</u> defendants concern the same transactions that spawned the prior litigation. Accordingly, his current claims against these defendants are barred by res judicata.

## B.    <u>**Claims Not Barred by *Res Judicata***</u>[5]

### 1.  <u>Hickey</u>

Baldi's sole claim against Hickey is that "Hickey had full knowledge of the fact that the plaintiff was lawfully shooting the deer and that there were no grounds for the Epsom police to stop him.  He also knew that Amadon was not a truthful person and that he lied to get the warrant for Mr. Baldi's arrest on the charge of 'Offensive Matter.'"  Compl. ¶¶ 151-52.  These allegations fail to support a claim against Hickey on any viable legal theory.  Accordingly, Baldi's claims against Hickey are dismissed for failure to state a claim.  <u>See</u> Fed. R. Civ. P. 12(b)(6).

---

[5]  Baldi also sued Bridge and Donald Goodnow, Director of the Administrative Office of the Courts, as defendants.  Baldi has abandoned his claims against Goodnow and he failed to serve Bridge.  Accordingly, these claims are dismissed as well.

## 2. Ayotte, Bahan and Benson

Baldi alleges that Ayotte, Bahan and Benson are liable because "[w]ith the consent of, and policy of, Defendant Benson, defendants Bahan . . . and Ayotte will not allow the Attorney Generals [sic] Office to prosecute[] those individuals who committed crimes against Mr. Baldi because state officials and employees are involved." Compl. ¶ 59. Later in the complaint, Baldi asserts that

> [d]efendants Ayottee [sic], Bahan and Benson violated the plaintiff's 5th & 14th Amendment right to procedural due process when they failed to prosecute state employees, officials, and their family members who committed perjury in both civil and criminal cases in the federal and state courts located in New Hampshire. In addition, they violated the plaintiff's 14th Amendment right to equal protection of law when they allowed a class based group (public employees and officials) to be exempt from criminal prosecution, when they criminally aggrieved another class of citizens (people who challenge the illegal actions of public officials and employees).

Id. ¶ 116. These allegations fail to state viable claims for relief. Accordingly, Baldi's claims against these defendants are dismissed. See Fed. R. Civ. P. 12(b)(6).

## 3. Judicial Officer Defendants

Baldi seeks damages, injunctive relief and orders directing

-15-

the United States Attorney to prosecute Judge Sullivan, former Judge Robbins, Judge Fitzgerald, Judge McGuire, and all five members of the New Hampshire Supreme Court. None of these claims are viable.

Baldi's damage claims plainly are barred by the doctrine of absolute judicial immunity. See, e.g., Stump v. Sparkman, 435 U.S. 349, 363 (1978); Evans v. Foster, 1 N.H. 374, 377 (1819). Baldi also cannot maintain a claim for prospective injunctive relief because he has not alleged facts that would support an assertion that he faces an imminent threat of future injury at the hands of the judicial officer defendants. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). The court lacks the power to order the United States attorney to prosecute anyone. Finally, the court lacks subject matter jurisdiction under the Rooker-Feldman doctrine to the extent that Baldi seeks declaratory relief challenging rulings made by the judicial officer. See Exxon Mobil Corp. v. Saudi Basic Indust. Corp., 125 S. Ct. 1517, 1526 (2005)(Rooker-Feldman doctrine applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and

-16-

rejection of that judgment.").

### 4. Demichelis and Thormley

Baldi seeks to hold Demichelis and Thormley liable simply because they carried out Judge McGuire's allegedly unlawful order to attach his property. Baldi's claims against these defendants fail for the same reason that his claims against the judicial officer defendants fail. See Gould v. Director, New Hampshire Div. of Motor Vehicles, 138 N.H. 343, 346 (1994).


## III. CONCLUSION

All of Baldi's claims are dismissed for the reasons described in this Memorandum and Order. Defendants' motions to dismiss (document nos. 22, 24, 25, 44, 49 and 50) are granted. I decline to exercise supplemental jurisdiction over Ronald and Gail Brown's counterclaims (document nos. 58 and 60). Accordingly, those claims are dismissed without prejudice. All motions not granted by this order are denied. On or before October 15, 2005, Baldi shall file a memorandum showing cause as to why he should not be permanently enjoined from filing further complaints based on the transactions that form the basis for the

current action.  No party shall file any further pleadings in this case without prior court approval.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

September 21, 2005

cc:   John A. Baldi, pro se
      Daniel J. Mullen, Esq.
      Brian J.S. Cullen, Esq.
      Charles Russell, Esq.
      John A. Curran, Esq.