Grafton
No. 2004-637

IN RE JUVENILE 2004-637 & a.

Argued: October 20, 2005
Opinion Issued: December 9, 2005

*Bronwyn Asplund-Walsh*, of Franklin, by brief and orally, for the mother.

*Boyle Law Office, PLLC*, of Plymouth (*John F. Boyle* on the memorandum of law and orally), for the father.

*Kelly A. Ayotte*, attorney general (*Michael K. Brown*, senior assistant attorney general, on the memorandum of law and orally), for the New Hampshire Division for Children, Youth and Families.

DALIANIS, J. The mother appeals the Superior Court's (*Burling*, J.) refusal to hold a *de novo* hearing on an appeal of an adjudicatory order issued by the Plymouth Family Division dismissing abuse and neglect petitions against the father. We reverse and remand.

The family division found the following facts. The mother and father were married on June 17, 1994, in Austin, Texas. The parties have three

children. In June 2001, the mother moved with the children to Plymouth. On September 10, 2001, the mother contacted the New Hampshire Division for Children, Youth and Families (DCYF) to allege that the father had sexually abused the children while they were living in Texas. DCYF initiated an investigation. The father subsequently filed for divorce in Texas. On September 8, 2003, a Texas court issued a final divorce decree and awarded the father permanent physical custody of the parties' children. Between September 23 and December 4, 2003, DCYF filed eight abuse and neglect petitions against the father in the family division. Prior to the commencement of trial, the children were placed in foster care under the supervision of DCYF. The family division held three days of trial on DCYF's petitions in February and March of 2004.

On April 21, 2004, the Family Division (*MacLeod, Jr.*, J.) issued an adjudicatory order dismissing all eight abuse and neglect petitions against the father based upon DCYF's failure to meet its burden of proof. The mother appealed the order to the superior court pursuant to RSA 169-C:28. At the mother's request, the family division suspended the adjudicatory order pending the outcome of the appeal. All three children were to remain in foster care in New Hampshire during the appeal. RSA 169-C:28, I (2002) states, in pertinent part:

> An appeal under this chapter may be taken to the superior court by the child or the child's authorized representative or any party having an interest ... within 30 days of the final dispositional order; but an appeal shall not suspend the order or decision of the court unless the court so orders. The superior court shall hear the matter de novo .... For purposes of this chapter, a "final dispositional order" includes a dismissal of a petition for abuse and neglect by the district court.

RSA 169-C:3, XXI-a (2002) defines a "Party having an interest" to mean "the child; the guardian ad litem of the child; the child's parent, guardian or custodian; the state; or any household member subject to court order."

On August 5, 2004, the superior court held a hearing at which DCYF withdrew its abuse and neglect petitions against the father. The superior court ruled that the mother was entitled to bring an appeal pursuant to RSA 169-C:28 as a "party having an interest." Nonetheless, the superior court granted the father's motion to dismiss the appeal on the ground that the superior court "no longer ha[d] a petition over which the appeal [could] further proceed." The superior court also directed the mother to file her own petition against the father in the family division. Later that day, the mother filed three abuse and neglect petitions against the father with the

family division. The children returned to Texas with the father and remain there today.

On August 20, 2004, the Family Division (*MacLeod, Jr.*, J.) dismissed the mother's petitions, stating, "The [mother] has not exhausted her appellate remedies in these cases in the Superior Court or the Supreme Court." The family division denied the mother's motion for reconsideration, and she did not appeal the dismissal of her own petitions to the superior court.

On August 25, 2004, the superior court denied the mother's motion to reconsider the dismissal of her *de novo* appeal of the adjudicatory order. On September 21, 2004, the mother appealed to this court to review the superior court's dismissal of her appeal of the adjudicatory order.

The sole issue on appeal is whether the superior court erroneously granted the father's motion to dismiss the mother's appeal. The superior court dismissed the appeal on the ground that it "no longer ha[d] a petition over which the appeal [could] further proceed," as DCYF had withdrawn its underlying petitions. On appeal, we will sustain the findings and rulings of the trial court unless they are unsupported by the evidence or tainted by error of law. *In re Thomas M.*, 141 N.H. 55, 57 (1996).

The superior court ruled that the mother was entitled to bring an appeal pursuant to RSA 169-C:28 as a "party having an interest." The father does not challenge this ruling. We have held that the statutory mandate under RSA 169-C:28 that "[t]he superior court *shall* hear the matter de novo" leaves no room for the exercise of discretion. *Id.* at 59 (quotation omitted); *see also In re Robyn W.*, 124 N.H. 377, 379 (1983) ("shall" denotes a mandatory statutory prescription). Therefore, the superior court *must* conduct a hearing *de novo* on the family division's dismissal of DCYF's abuse and neglect petitions.

The father argues that notwithstanding the mother's statutory entitlement to a hearing, the superior court's dismissal was proper as there was "no case or controversy" before the superior court once DCYF withdrew its petitions. That argument is unsupported by the plain language of RSA 169-C:28, I, which requires the superior court to "hear the matter de novo." We have defined a "hearing *de novo*" in the context of RSA 169-C:28 to mean: (1) A reviewing court's decision of a matter anew, giving no deference to a lower court's findings; (2) A new hearing of a matter, conducted as if the original hearing had not taken place. *In re Juveniles 2002-511-A*, 149 N.H. 592, 594 (2003) (*citing* BLACK'S LAW DICTIONARY 725 (7th ed. 1999)). Applying this definition here, we hold that the superior court was required to hear *de novo* the merits of the abuse and neglect petitions filed by DCYF and determine whether the family

division properly dismissed the petitions. It is, thus, irrelevant that DCYF withdrew its petitions after the mother appealed.

The father also argues that the superior court could not have conducted a hearing *de novo*, as contemplated by RSA 169-C:28, without the same parties who appeared in the family division. The father cites no authority to support this contention, and we decline to read that requirement into the definition of "hearing *de novo*" above.

■ We, therefore, conclude that the superior court erred by granting the father's motion to dismiss the appeal. The superior court, however, cannot, and properly did not, force DCYF to go forward with its case against the father on appeal. Thus, upon remand, the mother must assume the role of petitioner, and present the case in the superior court.

■ The father argues that even if the mother prevails here, the family division's dismissal of her own petitions and her failure to appeal that dismissal will bar any hearing in the superior court upon remand pursuant to the doctrine of res judicata. The essence of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action. *Brzica v. Trustees of Dartmouth College*, 147 N.H. 443, 454 (2002). Res judicata precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action. *Id.* For the doctrine to apply, three elements must be met: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered on the first action. *Id.*

■ The family division dismissed the mother's petitions on the ground that she had not "exhausted her appellate remedies in these cases in the Superior Court or the Supreme Court." Thus, the family division did not dismiss the mother's abuse and neglect petitions on their merits. Accordingly, we conclude that the family division's dismissal of the mother's petitions will have no res judicata effect upon remand.

Finally, we briefly address the custody and placement of the children upon remand. On April 21, 2004, the family division granted the mother's motion to suspend the adjudicatory order pending the outcome of the appeal to the superior court. All three children were to remain in foster care in New Hampshire during the pendency of the appeal. On August 5, 2004, the superior court dismissed the appeal. The next day, the children returned to Texas with the father and remain there today. The mother did not challenge the father's actions in that regard. Nothing in this opinion

requires the trial court to take any action concerning the present custody of these children pending final order.

*Reversed and remanded.*

BRODERICK, C.J., and NADEAU, DUGGAN and GALWAY, JJ., concurred.