**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-2158

JOHN R. GRIFFIN, JR.,

Plaintiff, Appellant,

v.

WHITEFIELD, NH, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph N. Laplante, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Stahl, Circuit Judges.

John R. Griffin, Jr., on brief pro se.
R. Matthew Cairns and Gallagher, Callahan & Gartrell, P.C.,
on brief for appellees.

August 13, 2009

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we affirm.  This court reviews de novo the district court's rulings regarding the preclusive effect of a prior judgment under res judicata principles.  See Coors Brewing Co. v. Mendez-Torres, 562 F.3d 3, 8 (1st Cir. 2009) (citation omitted).  "A federal court is generally bound under res judicata to give the same preclusive effect to a state court judgment as would be given to it by a local court within that state. [] This is true regardless whether the state-court decision involves federal or state law."  FPL Energy Maine Hydro LLC v. F.E.R.C., 551 F.3d 58, 63 (1st Cir. 2008).  Under New Hampshire law,

> Res judicata precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action. [] For the doctrine to apply, three elements must be met:  (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action.

Meier v. Town of Littleton, 154 N.H. 340, 342, 910 A.2d 1243, 1245 (2006) (citation omitted).

In this instance, the parties clearly are the same. In all three cases, appellant John R. Griffin, Jr. ("Griffin") sued the Town of Whitefield, New Hampshire, Officer Richard

-2-

Brown and Officer Shawn White; he also named Justice of the Peace Judith Ramsdell in the 2007 action and in the federal suit. Likewise, the same causes of action have been before the courts in all three cases. Under New Hampshire law, in order to determine whether the same causes of action were present in both cases, the court considers whether the causes of action arise out of the same transaction or occurrence. See Sleeper v. Hoban Family Partnership, 157 N.H. 530, 534, 955 A.2d 879, 883 (2008) (citing In re University Syst. of New Hampshire, 147 N.H. 626, 629, 795 A.2d 840, 843 (2002)). Here, all three actions clearly arise out of the same transaction or occurrence, i.e., Griffin's arrest in August 2004 on a charge that he violated a protection order. A final judgment on the merits has been rendered in the state court as to all defendants as well.

Griffin complains that the state trial judge who heard his first case was prejudiced against him; but Griffin's remedy for any alleged prejudice was to appeal the trial judge's decision to the New Hampshire Supreme Court, and Griffin apparently failed to pursue this remedy in a timely manner. Because Griffin did not effectively pursue this remedy, the state trial judge's decision is final and must be respected by this court under res judicata principles.

Appellant's Motion for Status Report is denied as moot.  Appellant's Motion to Compel Documentation as Evidence is denied.  Appellant's Motion for Punitive Damages is denied.  Affirmed.  See 1st Cir. R. 27.0(c).