# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0734, <u>Andrew O'Leary v. Richard Brown & a.</u>, the court on December 18, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Andrew O'Leary, appeals a decision of the Superior Court (<u>Bornstein</u>, J.) dismissing his suit against the defendants, Richard Brown and the Town of Carroll (Town). We reverse and remand.

The following facts are drawn from the trial court's order or are otherwise undisputed. In September 2011, Brown was responding to a call in his capacity as a police officer for the Town when his vehicle collided with a vehicle driven by O'Leary. Brown and O'Leary were both injured. In 2012, Brown brought a negligence action against O'Leary seeking damages. O'Leary did not assert any counterclaims. The parties settled the litigation in November 2013 and filed docket markings, which stated: "Judgment for neither party; no costs; no interest; no further action for the same cause." (Quotation omitted.) Additionally, Brown and his wife signed a "general release," releasing O'Leary from liability arising out of the 2011 accident. O'Leary did not release Brown or the Town from liability arising out of the accident.

In 2014, seeking damages for injuries that he sustained in the 2011 accident, O'Leary brought a negligence claim against Brown, and a vicarious liability claim against the Town. The defendants moved to dismiss O'Leary's claims, arguing that: (1) O'Leary's suit was barred because he failed to raise his claims as counterclaims in the 2012 action; and (2) O'Leary's claims were precluded by the doctrine of res judicata.

The trial court granted the motion to dismiss, concluding that, because O'Leary failed to file a counterclaim against Brown in the 2012 litigation, he was barred from suing Brown. Although the trial court noted that, when the 2012 action was filed, no court rule required O'Leary to raise his claim against Brown as a counterclaim, it observed that "[f]or decades New Hampshire courts have applied the federal rule for compulsory counterclaims." The trial court also dismissed O'Leary's claim against the Town, explaining that, because the compulsory counterclaim rule barred O'Leary's action against Brown, there was "no basis on which to hold the Town vicariously liable." The trial court did not reach the defendants' res judicata argument.

On appeal, O'Leary argues that, at the time the 2012 litigation was filed, New Hampshire did not have a court rule, a statute, or case law that required him to file a counterclaim, and, therefore, the trial court erred by dismissing his claims. The defendants counter that the trial court properly dismissed O'Leary's claims against Brown because in 2012 New Hampshire applied the federal compulsory counterclaim rule. Because the issue of whether New Hampshire had adopted a compulsory counterclaim rule when the 2012 action was filed presents a question of law, we review the trial court's ruling de novo. See Meier v. Town of Littleton, 154 N.H. 340, 342 (2006) (analyzing the applicability of res judicata de novo).

Federal Rule of Civil Procedure 13(a)(1)(A) requires that a pleading "state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). Accordingly, under federal law, "[a] counterclaim which is compulsory but is not brought is thereafter barred." Hardie v. Crecco, No. 13-CV-092-LM, 2014 WL 1248046, at *2 (D.N.H. Mar. 27, 2014) (quotation omitted). New Hampshire Superior Court Civil Rule 10(a) mirrors the federal rule; however, Rule 10(a) did not become effective until October 1, 2013 — more than a year after the initiation of the 2012 action. See Super. Ct. Civ. R. 10(a). Although the 2012 litigation did not settle until after the effective date of Rule 10(a), the trial court accepted O'Leary's argument that Rule 10(a) "was not in effect at the time of the [2012] action." The defendants do not challenge this ruling on appeal. Accordingly, for the purposes of this appeal, we will assume that Rule 10(a) did not apply.

The defendants argue that prior to Rule 10(a) becoming effective, New Hampshire courts utilized a compulsory counterclaim rule similar to the federal rule. In support of this argument, they rely upon several cases that they contend demonstrate New Hampshire's application of a compulsory counterclaim rule. See Meier, 154 N.H. at 340; Cathedral of the Beechwoods v. Pare, 138 N.H. 389, 391 (1994); Eastern Marine Const. Corp. v. First Southern Leasing, 129 N.H. 270, 274-75 (1987); Boucher v. Bailey, 117 N.H. 590, 592 (1977). However, as the defendants acknowledge, we decided each of these cases by applying the doctrine of res judicata rather than a compulsory counterclaim rule. See Meier, 154 N.H. at 342-44 (res judicata did not preclude plaintiff's claim, despite the fact that it could have been raised as a cross-claim in prior suit in which parties were co-defendants); Cathedral of the Beechwoods, 138 N.H. at 390-91 (res judicata barred plaintiff's action because prior litigation between the same parties regarding same disputed property had resulted in a final judgment); Eastern Marine Const. Corp., 129 N.H. at 273-76 (res judicata precluded suit because plaintiff had previously sought equitable relief based upon the same underlying facts in a prior litigation between the same parties); Boucher, 117 N.H. at 591-92 (res judicata barred action seeking an easement by implication because plaintiffs had sought easement by adverse possession for the identical parcel pursuant to a cross-petition against the

2

same party in a prior suit).  Nonetheless, the defendants assert that any distinction is immaterial because the doctrines are based upon related legal principles, and, therefore, they argue, the trial court correctly ruled that, prior to the adoption of Rule 10(a), New Hampshire had a compulsory counterclaim rule.  We disagree.

Although "the principles underlying both res judicata and the compulsory counterclaim rule serve the similar purpose of judicial economy," Joel Bianco Kawasaki v. Meramec Valley Bank, 81 S.W.3d 528, 534 (Mo. 2002) (en banc), the two doctrines are not equivalent.  Under the federal compulsory counterclaim rule, a defendant must assert a claim as a counterclaim if it arises out of the same transaction or occurrence as the opposing party's claim.  See Fed. R. Civ. P. 13(a)(1)(A).  In contrast, under res judicata, a claim is barred if it involves the "same cause of action" as "matters actually decided, and matters that could have been litigated, in an earlier action between the same parties."  Meier, 154 N.H. at 342.  We have observed that, under certain circumstances, a claim may arise "out of the same transaction or occurrence" as the opposing party's claim but not constitute the "same cause of action" for the purposes of res judicata.  See id. at 343-44.

In light of the distinction between the doctrine of res judicata and a compulsory counterclaim rule, the cases relied upon by the defendants are inapposite and do not support the conclusion that a compulsory counterclaim rule was in effect in New Hampshire prior to the adoption of Rule 10(a).  Nor have we identified any other case law, statute, or court rule that supports that proposition.  We conclude, therefore, that the trial court erred when it dismissed O'Leary's claim against Brown as barred by the compulsory counterclaim rule.  Because the trial court's dismissal of O'Leary's vicarious liability claim against the Town was based solely upon the dismissal of O'Leary's claim against Brown, the trial court also erred when it dismissed O'Leary's claim against the Town.

As to the issue of res judicata, the trial court did not determine whether res judicata barred O'Leary's claims, and we decline to address the issue in the first instance.  See N. New England Tel. Operations v. City of Concord, 166 N.H. 653, 658 (2014).  Accordingly, we remand to the trial court for a determination as to whether O'Leary's claim against Brown and his vicarious liability claim against the Town are barred by res judicata.

Reversed and remanded.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

3