# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0576, <u>The Bibbo Poulin Revocable Trust v. Nestle Waters North America, Inc.</u>, the court on October 13, 2022, issued the following order:**

Having considered the parties' briefs, oral arguments, and the record on appeal, we conclude that a formal written opinion is unnecessary in this case. The plaintiff, The Bibbo Poulin Revocable Trust, appeals an order of the Superior Court (<u>Schulman</u>, J.) granting the motion to dismiss filed by the defendant, Nestle Waters North America, Inc. (Nestle Waters). We affirm.

The following facts are supported by the record. In the span of approximately three years, Matthew Poulin filed two small claim complaints in circuit court, both of which were removed to superior court. In both suits, he sought damages plus costs, asserting that Nestle Waters damaged his driveway when delivering water to his house. He filed the first suit individually and the second suit as a trustee of The Bibbo Poulin Revocable Trust. The first suit was dismissed with prejudice due to Poulin's failure to comply with several case structuring and discovery orders. Nestle Waters moved to dismiss the second suit on res judicata grounds, arguing that Poulin as trustee and Poulin as beneficiary were in privity with each other. Following a hearing, the superior court granted the motion to dismiss. This appeal followed.

On appeal, the plaintiff argues that "privity is lacking in the instant matter because the Trust was not afforded virtual representation and there was no substantial identity between the plaintiffs." Nestle Waters counters that privity exists here due to the functional relationship between Poulin as beneficiary and as trustee rather than the "rigid formalities" and "Trust-Trustee and Trust-Beneficiary relationship" emphasized by the plaintiff.

The applicability of res judicata is a question of law, which we review <u>de novo</u>. <u>Merriam Farm, Inc. v. Town of Surry</u>, 168 N.H. 197, 199 (2015). Res judicata precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action. <u>Meier v. Town of Littleton</u>, 154 N.H. 340, 342 (2006). For res judicata to apply, three elements must be met: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action. <u>Id</u>.

Poulin as beneficiary was a named party in the first suit, while Poulin as trustee was a "non-party" in that matter and not expressly named or discussed. The relationship between party and non-party implied by a finding of privity has been described as one of "virtual representation" and "substantial identity." Daigle v. City of Portsmouth, 129 N.H. 561, 571 (1987) (quotations omitted). These phrases imply not a formal, but a functional, relationship, in which, at a minimum, the interests of the non-party were in fact represented and protected in the prior litigation. Id. (quotations omitted).

Here, the record before the trial court lacks any information regarding the number and identities of other beneficiaries and trustees, as well as specific details about the trust itself. However, the limited record does show that these two suits involve the same facts and damages. There is no evidence regarding any interests of the trust that were not initially represented. Indeed, the limited record before us indicates that the same interests were represented in both suits. Likewise, there is no evidence that Poulin initially lacked authority to represent the trust. Therefore, we conclude that privity exists under the circumstances of this case.

Accordingly, res judicata applies in this instance. The superior court, therefore, did not err in granting Nestle Waters' motion to dismiss. We have reviewed the plaintiff's remaining arguments and determine that they are without merit and do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**